This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DENAE TURLEY, and EDITH TURLEY and KARL TURLEY,**

Petitioners-Appellees,

v.                                                    **No. 35,846**

**TYRONE WHETTEN,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**J.C. Robinson, District Judge**

Lopez, Dietzel & Perkins, P.C.
Cathryn L. Wallace
Silver City, NM

for Appellees

New Mexico Legal Aid, Inc.
Kate M. Merwald
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}  Defendant Tyrone Whetten (Father) appeals from a district court order awarding joint custody. We issued a calendar notice proposing to affirm. Father has responded with a memorandum in opposition. Not persuaded by Father's arguments, we affirm the district court.

{2}  Father continues to challenge the evidence to support the district court's custody determination. We will overturn the district court's custody decision only for abuse of discretion, and we will uphold the court's findings if they are supported by substantial evidence; an abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case. *See Grant v. Cumiford*, 2005-NMCA-058, ¶ 13, 137 N.M. 485, 112 P.3d 1142.

{3}  Here, Father and Mother have two children together: J.W., born in October 2013 and E.T., born in June 2015. [RP 132] While Mother was still pregnant with E.T., she and her parents filed a petition for custody, support, and grandparent visitation. [RP 1] The district court awarded Father and Mother joint legal custody of the children, gave Mother primary physical custody of E.T., and gave Father primary physical custody of J.W. [135]

{4}  Defendant's memorandum in opposition continues to claim that the district court failed to properly consider the factors in NMSA 1978, Section 40-4-9 (1977) (setting out standards for the determination of child custody), and NMSA 1978,

Section 40-4-9.1(B) (1999) (setting out factors to consider with respect to joint custody). We disagree. A review of the district court's findings and conclusions [RP 132], as well as its order denying the motion to amend [RP 166], indicate that the district court gave due consideration to these factors, and applied them to the unique circumstances of this case. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 28, 137 N.M. 26, 106 P.3d 1273 (stating that we liberally construe the trial court's findings to support the judgment).

{5}     The district court took judicial notice of Mother's criminal case, and noted that Mother had been participating in counseling as a result. [RP 132-33] The district court found that there is no credible evidence that either parent is unable to or unwilling to care for the children. [RP 134] With respect to protecting Father from any future abuse, the district court ordered that all communications between the parties be in writing, that Mother continue with her counseling and treatment, and that all exchanges of the children take place at the KISS facility. [RP 168-69, ¶¶ 14-15] The district court was free to reject the GAL's recommendation [referenced at RP 97] that Father should have primary physical custody of both of the children. *See Kimbrell v. Kimbrell*, 2014-NMSC-027, ¶ 12, 331 P.3d 915 (stating that the district court is not bound by the recommendations of the GAL). The district court also found that both parents receive substantial support from their respective families. [RP 133] It is clear

from the court's findings that the district court believed that Mother's prior criminal conduct would not prevent her from being able to properly parent her children. [RP 133; 169-70] *See* § 40-4-9.1(B)(9) (requiring a finding that the custody order adequately protects child or other parent where there has been domestic violence).

{6}    With respect to Father's claim that it was wrong to separate E.T. from her brother and half-siblings, the district court's order will have E.T. with her brother on each weekend, and she will also be with her half-siblings every other weekend. [RP 135] The district court specifically emphasized that its order did not permanently separate the children. [RP 163] In sum, a reading of the findings as a whole indicate that the district court considered the applicable statutory factors, and the findings are supported by substantial evidence.

{7}    For the reasons set forth above, we affirm.

{8}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____

4

**MICHAEL E. VIGIL, Judge**